# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twins Management, LLC,           :
              Appellant       :
                        :
        v.                 :   No. 1144 C.D. 2023
                        :
Wayne County Board for the       :
Assessment and Revision of Taxes   :   Submitted: October 7, 2025

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                         FILED: November 19, 2025

Twins Management, LLC (Taxpayer) appeals from an order of the Court of Common Pleas of Wayne County (trial court) entered on September 14, 2023, which denied in part and granted in part its appeal of an assessment by the Wayne County Board for the Assessment and Revision of Taxes (Board) for a property located at 1062 Beach Lane Highway, Berlin Township, Pennsylvania 18405 (the Property). Finding no error, we affirm the trial court.

## I. BACKGROUND

Taxpayer owns the Property, which is a retail space operated as a Dollar General store in Wayne County. After a countywide reassessment, the value of the Property was assessed at $148,800 for the land and $998,600 for improvements, totaling $1,147,400. Taxpayer appealed this assessment to the Board, which held a

hearing on September 1, 2022. By way of a communication dated October 7, 2022, the Board upheld the assessment, stating that it was "fair and reasonable and in line with other values placed on similar properties in [the] area." Reproduced Record (R.R.) at 5.[1]

On November 2, 2022, Taxpayer filed an appeal of the Board's decision to the trial court. The trial court held a hearing on Taxpayer's appeal on August 25, 2023. At the hearing, Cheryl Davies, the Director of the Tax Claim Bureau and Tax Assessment Office of Wayne County, testified first on behalf of the Board. She testified that the assessment values on the Property were fair and reasonable, and that such values were determined by comparing the Property to similar properties within Wayne County. She testified that the Property's assessment was part of a countywide reassessment, with Tyler Technologies performing the reassessment. Tyler Technologies used Marshall and Swift, a commercial estimator, to value commercial properties for the reassessment. The trial court found that the Board met its *prima facie* burden of showing the validity of its assessment and admitted the assessment records.

Taxpayer's expert, Jonathon Barbose, a general appraiser for CRC Real Estate Services, testified next. Mr. Barbose had prepared an appraisal dated September 24, 2022, which appraised the total value of the Property at $670,000, which was admitted into evidence. Mr. Barbose testified that he used income and comparable sales approaches to valuing the Property for his appraisal.

The Board next called William Bellhorn, a senior assessor for Wayne County. Mr. Bellhorn testified as to the existence of eight other properties operating as Dollar General stores in Wayne County, and further that Mr. Barbose's appraisal

---

[1] The Reproduced Record's pagination omits the "a" required by Pa.R.A.P. 2173. We refer to the pagination as it exists.

did not show such properties, nor had they been used for comparable sales data. Mr. Bellhorn further testified that the Property's valuation was consistent with the valuation of the eight other properties operating as Dollar General stores in Wayne County.

On September 14, 2023, the trial court issued an order that essentially granted in part and denied in part Taxpayer's appeal. The trial court reduced the assessment on the Property to $148,800 for the land and $850,000 for improvements, totaling $998,800. In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court stated that it did not credit the testimony and appraisal of Taxpayer's expert due to his failure to consider the values of the eight other properties operating as Dollar General stores in Wayne County, but it still found the original assessment to be too high based upon the evidence presented, therefore warranting a reduction of the assessment, but not to the extent requested by Taxpayer in its appeal.

Following the trial court's order, Taxpayer filed the instant appeal[2] to this Court.

## II. ISSUES

At issue before this Court is whether the trial court erred in denying Taxpayer's assessment appeal in part. Taxpayer contends that the trial court should have granted its appeal in full and adjusted the assessed value of the Property to the extent requested in its appeal. It contends that the initial assessment lost its evidentiary value after it was rebutted by the testimony of its expert.

---

[2] Our review in a tax assessment appeal is limited to determining whether the trial court committed an error of law or abused its discretion, or whether its decision was unsupported by substantial evidence. *Willow Valley Manor, Inc. v. Lancaster Cnty. Bd. of Assessment Appeals,* 810 A.2d 720, 723 (Pa. Cmwlth. 2002).

The Board argues that the trial court did not err in denying Taxpayer's appeal in part. It contends that the trial court's decision was supported by substantial evidence and that Taxpayer failed to meet its burden to rebut the validity of the assessment. In particular, it focuses on the fact that the trial court did not credit the testimony or appraisal of Taxpayer's expert.

## III. DISCUSSION

Tax assessment appeals utilize a burden-shifting framework:

> In a *de novo* proceeding in a tax assessment case, the taxing authority bears the initial burden of establishing its *prima facie* case for the validity of the assessment. This is typically done by presenting the official assessment records and the testimony of an assessment officer. The burden then shifts to the taxpayer to respond with *credible, relevant* evidence to persuade the court of the merits of his position. If the taxpayer fails to do so, then the taxing authority prevails. If the taxpayer meets his burden, then the court may no longer presume the taxing authority's assessments are correct.

*Herzog v. McKean Cnty. Bd. 0f Assessment Appeals*, 14 A.3d 193, 200 (Pa. Cmwlth. 2011) (internal citations and parentheticals omitted). Where the trial court's conclusions are supported by substantial evidence, this Court will not disturb such conclusions on appeal. *Id.* Further, "[t]he trial court, as fact-finder, has discretion over evidentiary weight and credibility determinations." *1198 Butler St. Assocs. v. Bd. of Assessment Appeals, Cnty. of Northampton*, 946 A.2d 1131, 1138 n.7 (Pa. Cmwlth. 2008); *see also Pennypack Woods Home Ownership Ass'n v. Bd. of Revision of Taxes*, 639 A.2d 1302, 1306 (Pa. Cmwlth. 1994) ("If expert testimony conflicts . . . the trial court must determine the weight and credibility that it will afford each expert.").

4

Here, the trial court was explicit in its Rule 1925(a) Opinion that it did not credit Taxpayer's expert, due to the fact that his appraisal did not consider the value of the eight other properties operating as Dollar General stores within Wayne County. As the trial court was best positioned to make determinations as to the weight and credibility of the evidence presented and further has clearly stated the basis of such determinations, we will not disturb its determination as to the credibility of Taxpayer's expert.

As Taxpayer's expert was not credited, Taxpayer failed to meet its burden to convince the trial court of its position by relevant, *credible* evidence. Therefore, the trial court did not err in denying Taxpayer's appeal in part.

## IV. CONCLUSION

For the foregoing reasons, we affirm the trial court.

_____
MATTHEW S. WOLF, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twins Management, LLC, :
                    Appellant :
                    :
          v. : No. 1144 C.D. 2023
                    :
Wayne County Board for the :
Assessment and Revision of Taxes :

## **O R D E R**

AND NOW, this 19th day of November 2025, the September 14, 2023 order of the Court of Common Pleas of Wayne County in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge